**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

NORMAN T. OLSON, JR.,
  Plaintiff,

v.

VICTOR FAJARDO-VELEZ,
JOSE OMAR CRUZ-MERCADO,
MARTA J. SANTOS-SANCHEZ,
ANABELLE RODRIGUEZ-RODRIGUEZ,
ROBERTO SANCHEZ-RAMOS,
SERGIO RUBIO,
ALBERTO VALCARCEL-RUIZ,
ARISTIDES CALES-FRATICCELLI,
PEDRO GERONIMO GOYCO-AMADOR,
  Defendants.

Civil No. 05-1837 (HL)

**OPINION AND ORDER**

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Gelpi, wherein he recommended that Plaintiff Norman T. Olson's motion for preliminary injunction be denied pursuant to the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).[1] Objections to the Report and Recommendation were filed by Plaintiff Olson,[2] the Commonwealth of Puerto Rico law enforcement Defendants,[3] and Defendant Marta Santos.[4]

---

[1] Docket no. 83.

[2] Docket nos. 89, 95.

[3] Docket no. 91. The Commonwealth law enforcement defendants are: Roberto Sánchez Ramos, Alberto Valcárcel Ruiz, Arístides Cales Fraticcelli, Sergio Rubio, and Pedro Gerónimo Goyco Amador.

[4] Docket no. 92.

## STANDARD OF REVIEW

A district court, may on its own initiative, refer a pending matter to a United States magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b); D.P.R. R. 72. Under Rule 72(b) of the Federal Rules of Civil Procedure, the Court is obligated to make a "de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Fed. R. Civ. P. 72(b). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1 (1st Cir.1999) (quoting 28 U.S.C. § 636(b)(1)(C)). In accordance with the mandate set forth in 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation, the parties' objections to said report, and the record as a whole.  Based upon this de novo review, the Court concludes that the magistrate judge's Report and Recommendation should be **approved** and **adopted** in its entirety. Accordingly, Plaintiff Olson's motion for a preliminary injunction is **denied**.

## DISCUSSION[5]

It is well established that, in the interest of comity and federalism, federal courts may not enjoin pending state court criminal proceedings except under exceedingly rare and extraordinary circumstances. *Younger*, 401 U.S. at 41; *Esso Standard Oil Co. v. Cotto,* 389 F.3d 212, 217 (1st Cir.2004); *SMA Life Assur. Co. v. Sanchez-Pica*, 960 F.2d 274, 277 (1st Cir.1992); *Iglecia v. Serrano*, 882 F.Supp. 26, 28 (D.P.R. 1995). Federalism is "a system in which there is a sensitivity to the legitimate interests of both State and National Governments, and which the National Government, anxious though it may be to vindicate federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 44. "Under our federalist system, 'the balance of power between federal and state courts is delicate, and federal courts must

---

[5] The factual background set forth in the magistrate judge's Report and Recommendation is adequate and need not be reiterated here. *See* Docket no. 83, at 3-5.

tread with care whenever they are asked to intervene in pending state actions.'" *Rivera-Schatz*, 310 F.Supp.2d 405, 409 (D.P.R. 2004)(citing *Smith v. Gribertz,* 887 F.Supp. 583, 586 (S.D.N.Y. 1995)).  In determining if abstention from enjoining an ongoing state criminal proceeding is appropriate, the Court must consider whether: (1) there are ongoing state proceedings; (2) the proceedings implicate important state interests; and (3) the proceedings afford plaintiff an adequate opportunity to present his federal claims. *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir.1996)(citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the present case, the first prerequisite for *Younger* abstention is clearly satisfied since it is undisputed that Plaintiff Olson is currently being prosecuted for alleged offer of bribery in violation of Article 212 of the Commonwealth of Puerto Rico Penal Code, 33 L.P.R.A. § 4363.  The second requirement is met, since the Commonwealth has a legitimate interest in enforcing its laws concerning alleged offers of bribery of state officers. The final *Younger* abstention prerequisite is also satisfied because the pending state proceeding affords Olson an adequate opportunity to raise his federal claims and issues. An "adequate opportunity" to present federal claims requires only that state law does not "clearly bar[] the interposition of the constitutional claims." *Brooks*, 80 F.3d at 639 (quoting *Moore v. Sims*, 442 U.S. 415, 425-26 (1979)). The notion of "Our federalism" and comity precludes "any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex County Ethics Comm'n*, 457 U.S. at 431 (emphasis in original); *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (The *Younger* abstention doctrine "naturally presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved."). In the instant case not only is there no indication that Olson will be barred or otherwise restricted from raising his constitutional claims, but the record shows that Olson has already raised some of the same constitutional challenges articulated in the present civil rights action before the Puerto Rico Court of Appeals and Supreme Court of Puerto Rico. *See* docket nos. 83 at p.9,  78 at p.34. As such, the Court concludes that the commonwealth proceedings afford Olson an adequate opportunity to present his federal constitutional

claims.

Where, as here, the *Younger* prerequisites are satisfied, "a federal court may nonetheless intervene to halt an ongoing state judicial proceeding if the plaintiff demonstrates 'bad faith, harassment, or any other unusual circumstance.'" *Brooks*, 80 F.3d at 639 (quoting *Younger*, 401 U.S. at 54). In the present case, Olson asserts that he is being selectively prosecuted, and that the prosecution is politically motivated and based on the knowing use of false testimony in violation of due process. Olson argues that this constitutes a bad faith and harassing prosecution sufficient to invoke an exception to the *Younger* abstention doctrine. "In determining whether a prosecution is commenced in bad faith or to harass, courts have typically considered three factors: '(1) whether [the prosecution] is frivolous or undertaken with no reasonable objective hope of success. . .; (2) whether [the prosecution is] motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights . . .; and (3) whether [the prosecution is] conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Rivera-Schatz*, 310 F.Supp.2d at 410 (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir.1995)).

Plaintiff Olson raises compelling and serious allegations of constitutional rights violations and prosecutorial impropriety. However, Olson has failed to proffer sufficient evidence for the Court to conclude that the commonwealth prosecution against Olson is commenced in such bad faith or harassment as to permit intervention by this Court. The pending commonwealth prosecution of Olson does not appear to have been undertaken without reasonable objective hope of success. Olson is charged with an alleged violation of Article 212 of the Puerto Rico Penal Code which provides that "Every person who directly or through an intermediary gives or promises to a public officer or employee, juror or arbitrator or to any other person authorized by law to hear or decide upon any matter or controversy, or to a witness, money or any benefit for the purpose provided in §§ 4360-4362 of this title, shall be punishable by the imprisonment term provided in the

corresponding section." 33 L.P.R.A. § 4363.  The phrase "purpose provided in §§ 4360-4362" is defined as "executing a regular act of his office or function." 33 L.P.R.A. § 4360. The record shows that for fear of losing his business contracts with the Commonwealth, Olson gave money to Victor Fajardo, the former Secretary of Education for the Commonwealth of Puerto Rico, for the purpose of maintaining his business contracts with the Commonwealth Department of Education. It is undisputed that one of Victor Fajardo's regular acts of his office or function as Secretary of Education was entering into and maintaining contracts on behalf of the Department of Education.

The fact that during a related federal criminal proceeding, *United States v. Fajardo-Velez*, Civil No. 02-042 (HL) (D.P.R.), Fajardo was untruthful when he stated that the payment made to him by Olson in return for contracts were made voluntarily and that this Court ultimately found Olson to be a victim of extortion,[6] do not indicate that the Commonwealth's criminal case against Olson for offer of bribery was undertaken without any reasonable objective hope of success. It appears from the record that, in the commonwealth courts, Olson has raised the claims that extortion victims cannot be charged with offer of bribery for the same underlying transaction and that Article 212 contains a specific intent – rather than a general intent– *mens rea*.  It is also evident from the record that the commonwealth courts have rejected these arguments.[7] As discussed in the Report and Recommendation, federal courts must defer to state courts' interpretation of state penal statutes. *See* docket no. 83 at 12-13. The commonwealth courts have specifically made a finding that probable cause exists to try Olson for offer of bribery.

In respect to the second inquiry – whether the commonwealth prosecution is motivated by Plaintiff's suspect class or in retaliation for Plaintiff's exercise of constitutional rights– the Court must answer in the negative. Olson asserts that there is a political motive behind his prosecution because he is a member of the New Progressive

---

[6] *See United States v. Cruz-Mercado*, 360 F.3d 30, 37-39 (1st Cir.2004).

[7] *See* docket no. 83, at p.12.

Party (NPP) while another contractor implicated in the Victor Fajardo extortion case, Jesús Emilio Rivera Class – a member of the Popular Democratic Party (PDP)– was provided total immunity from prosecution by the Commonwealth's Attorney General. The fact that another contractor who happens to be a member of the PDP was granted a controversial immunity is, unfortunately, not sufficient for *Younger* abstention purposes. After thoroughly reviewing the record, the Court must agree with the magistrate judge's conclusion that Olson has not presented sufficient evidence of an impermissible or political motive behind his commonwealth prosecution so as to avoid *Younger* abstention.

As to the third and final element of a claim bad faith or harassing prosecution – whether the prosecution is conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions– the evidence in the record does not permit the Court to conclude that this single commonwealth prosecution against Olson has been or threatens to be conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion for *Younger* doctrine purposes. A plaintiff has a heavy burden in overcoming the bar of *Younger* abstention and must set forth more than allegations of bad faith or harassment. *Phelps*, 122 F.3d at 889-90. Olson's allegations of bad faith and harassment are not adequately substantiated by evidence in the record. Thus, Olson has failed to satisfy his weighty burden.

"[A] federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 91 U.S. at 69. In the case at bar, the only injury Olson has shown is the hardship of defending against the singular criminal prosecution pending in the commonwealth courts. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [cannot] by themselves be considered 'irreparable' in the special legal sense of the that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Here, each alleged threat to

Olson's federally protected rights could be raised and, if the claims are meritorious, eliminated by his defense of the pending criminal prosecution.

In sum, although there may be merit to Olson's serious allegations of political discrimination and selective prosecution, fundamental principles of equity, comity, and federalism preclude this Court from enjoining Olson's ongoing commonwealth criminal proceeding.

## CONCLUSION

For the aforementioned reasons, the Court hereby **ADOPTS** and **APPROVES** Magistrate Judge Gelpi's Report and Recommendation, recommending that Plaintiff Olson's motion for preliminary injunction be denied pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. Accordingly, Plaintiff Olson's motion for a preliminary injunction is hereby **DENIED**.[8] Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 2, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge

---

[8] "When *Younger* applies, the district court must refrain from reaching the merits of the plaintiff's claims and, thus, there is no real possibility – let alone a likelihood– that the plaintiff will succeed in his action. A fortiori, there can be no abuse of discretion in refusing to grant preliminary injunctive relief." *Brooks*, 80 F.3d at 637.